IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Edmundo S. Ruiz, Jr.,                                    Case No. 3:08CR304

           Petitioner

       v.

United States of America,

           Respondent

This is a federal prisoner's collateral attack under 28 U.S.C. § 2255.

Petitioner Edmundo S. Ruiz, Jr., pled guilty to participating in a drug conspiracy, 21 U.S.C. § 846, and unlawful use of a communication facility, 21 U.S.C. § 843(b). I sentenced him to 240 months' imprisonment.

Ruiz now moves to vacate his sentence, arguing I erred in describing the scope of the appeal waiver in his plea agreement.

For the following reasons, I deny the motion.

## Background

After his indictment on the aforementioned charges, Ruiz and the government negotiated a plea agreement.

The agreement included a waiver of Ruiz's right to file a direct appeal and a § 2255 motion. However, Ruiz reserved his right "to appeal: (a) any punishment in excess of the statutory maximum; [and] (b) any sentence to the extent it exceeds the maximum of the sentencing range determined under the advisory Sentencing Guidelines[.]" (Doc. 206 at 10). Nor did the waiver bar

Ruiz "from perfecting any legal remedies he may have . . . respecting claims of ineffective assistance of counsel or prosecutorial misconduct." (*Id.*).

In April, 2009, Ruiz appeared before Magistrate Judge Armstrong for a change-of-plea hearing. The Magistrate asked whether Ruiz had read the agreement, and Ruiz testified he had. Ruiz also testified he "fully underst[oo]d the terms of th[e] plea agreement[.]" (Doc. 228 at 17).

The Magistrate Judge then advised Ruiz that, if he "were found guilty after a trial, [he] would have a right to appeal. However, pursuant to the plea agreement which has been tendered to the Court, you are giving up, waiving your right to appeal except in specific instances[.]" (*Id.* at 15). The Magistrate asked whether Ruiz understood this, and Ruiz said he did.

Magistrate Armstrong asked the prosecutor to summarize the plea agreement. After discussing the factual basis for the plea and the potential penalties, the prosecutor turned to the appeal waiver:

> Paragraph 24 refers to waiver of right to appeal, and the Court referenced this earlier in its discussion with the defendant. The defendant does agree under the terms of this agreement to waive any right to appeal his conviction or sentence, including any appeal right conferred by 18, United States Code, Section 3742, and to challenge the conviction or sentence collaterally through a proceeding under 28, U.S.C., 2255.
>
> Those are the rights that the defendant gives up. The defendant does reserve the right to appeal any punishment in excess of the statutory maximum or any sentence to the extent that it exceeds the maximum of the sentencing range determined under the advisory sentencing guidelines in accordance with the sentencing stipulations and computations in this agreement, using the criminal history that is ultimately found by this Court.
>
> That is the waiver of rights provision and – the waiver of appeal, I should say provision, and it is set forth in the agreement.

(*Id.* at 28-29).

The Magistrate then confirmed the prosecutor's summary accurately reflected the plea agreement's terms:

> The Court:  And do you understand the waiver of your rights to appeal as outlined in the plea agreement and by Mr. Wilson [the prosecutor], and that – Mr. Wilson, I don't know that you addressed this, but you've asked this agreement be sealed. Is that correct?
>
> Mr. Wilson:  That is correct, Your Honor.
>
> The Court:  And Mr. Hart [defense counsel], you agree with that?
>
> Mr. Hart:  Yes, Your Honor.
>
> The Court:  Mr. Ruiz, do you have any questions or concerns about this plea agreement?
>
> Defendant:  No, Your Honor.
>
> The Court:  And now I'm going to ask, you've heard Mr. Wilson's statement, did he accurately summarize the terms of the plea agreement that you think you've entered into?
>
> Defendant:  Yes, Your Honor.

(*Id.* at 33-34).

Finally, Magistrate Armstrong asked if the parties were "satisfied that the Court has complied with the requirements of Rule 11." (*Id.* at 47). Both parties indicated they were so satisfied.

The Magistrate prepared a Report and Recommendation, finding Ruiz's "plea was knowing, intelligent, and voluntary, and that all requirements imposed by . . . Fed. R. Crim. P. 11 have been satisfied." (Doc. 207 at 2). I concurred, accepted the plea, and entered a finding of guilty.

Before sentencing, the parties negotiated an amended plea agreement in which Ruiz consented to a four-level enhancement for a leadership role in the offense, no reduction for acceptance of responsibility, and a 240-month sentence.

At a hearing on July 13, 2011, Ruiz's lawyer informed me his client understood and agreed to all provisions of the amended agreement:

> Mr. Hart:  Mr. Ruiz has reviewed the amended plea agreement, reviewed all the terms within. He does understand both the general provisions, the provisions as it [*sic*] relates to the sentence, as well as the specific waiver of appellate and post-conviction rights section . . . and I do believe [Ruiz] understands the nature of both what he is accepting as well as giving up at this time.
>
> The Court:  What I would propose – Mr. Ruiz, is that correct?
>
> Defendant:  Yes, Your Honor.

(Doc. 500 at 2-3).

> The prosecutor then discussed the new agreement's appeal waiver:
>
> Paragraph 16 is waiver of right to appeal. Essentially, that is the same. There is one addition, it was paragraph 24 in the original agreement. "The defendant realizes by entering into this agreement he has agreed to waive his right to appeal the conviction or sentence in this case, including any rights confirmed [*sic*] upon him pursuant to 18 United States Code Section 3742, and to challenge the conviction or sentence collaterally through a post-conviction proceeding, including a proceeding under 28 United States Code 2255. The defendant expressly waives those rights except he reserves the right to appeal any punishment in excess of the statutory maximum and any sentence to the extent it exceeds the maximum of the sentencing range determined under the advisory Sentencing Guidelines, in accordance with the sentencing stipulations and computations in this agreement, using the criminal history category found applicable by the Court."
>
> The defendant still reserves the right he would have on appeal collaterally to attack and to bring claims of ineffective assistance of counsel or prosecutorial misconduct.
>
> What is new is that we have agreed "the defendant hereby withdraws any and all previous motions and legal claims he has raised in this case to date, and agrees to

forego any appellate claims and post-conviction remedies as it relates to those motions and claims, except as provided in this paragraph."

(*Id.* at 9).

I asked Ruiz's lawyer if the prosecutor's statement was an accurate reflection of the parties'

agreement, and counsel responded:

> "It is, Your Honor. It is what I discussed with Mr. Ruiz this morning at the jail, as well as again at the marshal's office. He has had a chance to review the document both with myself as well as independently, and I believe he does understand all the terms expressed by Ms. Dustin [the prosecutor]."

(*Id.* at 10).

I had a colloquy with Ruiz to ensure he knowingly and voluntarily entered the amended plea

agreement. While doing so, I mentioned the appeal waiver:

> The Court:     And do you also understand that you have a very, very limited right of appeal. Only if I were to give you a sentence that exceeded the potential sentence in any way could you appeal. Do you understand that?
>
> Defendant:    Yes, Your Honor.

(*Id.* at 15).

I ultimately concluded Ruiz's plea was knowing and voluntary:

> There will be a finding . . . the agreement as amended is entered into . . . knowingly and intelligently and voluntarily by Mr. Ruiz, that he previously had been advised in detail concerning his rights, that the advice was summarized and repeated in the plea agreement, and I believe he was fully informed of the rights he would have . . . [and] of the fact of the waiver of those rights, the waiver of his right to appeal.

(*Id.* at 22).

Despite his waiver, Ruiz appealed to the Sixth Circuit, arguing: 1) I failed to ensure there

was a sufficient factual basis for his plea; and 2) he should have received a lower sentence.

5

The Sixth Circuit rejected these claims and affirmed. *U.S. v. Ruiz*, No. 11-3802 (Oct. 17, 2012) (unpublished disposition). The court first held there was a sufficient factual basis for the plea. The court then held Ruiz's "valid guilty plea waive[d] his right to challenge his sentence":

> [T]he district court reviewed the plea agreement with Ruiz, and ensured that he understood that the plea agreement limited his appellate rights to challenging a sentence above the 240-month statutory maximum. Furthermore, at sentencing, the district court reviewed the amended plea agreement, which included the same appellate limitations. Under these circumstances, Ruiz's waiver is valid.

*Id.* at 4.

After the United States Supreme Court denied his certiorari petition, *Ruiz v. U.S.*, 133 S. Ct. 896 (2013), Ruiz filed his § 2255 motion, which counsel later amended.

## Discussion

Ruiz seeks to vacate his sentence on two grounds: 1) my failure to describe the scope of the appeal waiver, as Rule 11 required, was plain error; and 2) appellate counsel was ineffective for not arguing the Rule 11 error: a) affected Ruiz's substantial rights; and b) rendered his guilty plea invalid.

The government contends no Rule 11 violation occurred and, consequently, appellate counsel's failure to raise that issue was not ineffective.

Although this is a collateral attack, the parties argue as if it were a direct appeal: Ruiz invokes the plain-error standard of review, *see* Fed. R. Crim. P. 52(b), and the government does not argue Ruiz's failure to raise his Rule 11 claim on appeal worked a procedural default, *Swain v. U.S.*, 155 F. App'x 827, 830-831 (6th Cir. 2005).[1]

---

[1] Nor has the government argued Ruiz's claim is non-cognizable in a § 2255 proceeding. *U.S. v. Timmreck*, 441 U.S. 780, 783 (1979) (collateral relief available for Rule 11 error only if defendant shows error amounted to "fundamental defect which inherently results in a complete miscarriage of

Because the government has not contested the manner in which Ruiz frames his collateral attack, I will proceed to the merits. *Ryan v. U.S.*, 688 F.3d 845, 847-848 (7th Cir. 2012); *see also Wood v. Milyard*, — U.S. —, 132 S. Ct. 1826, 1833 (2012) (federal court should decide case on procedural grounds not invoked by prosecutor only in extraordinary cases).

### A. Rule 11 Error

Before accepting a guilty plea, a district court must "inform the defendant of, and determine that the defendant understands . . . the terms of any plea-agreement provision waiving the right to appeal or to collaterally attack the sentence[.]" Fed. R. Crim. P. 11(b)(1)(N).

"A failure of the district court to comply with this explicit requirement is error that is plain." *U.S. v. Cohen*, 515 F. App'x 405, 409 (6th Cir. 2013).

To prevail, Ruiz must demonstrate "(1) error (2) that is plain and (3) affects substantial rights." *U.S. v. Melvin*, 557 F. App'x 390, 393 (6th Cir. 2013).

Ruiz has not met his burden.

The Magistrate Judge ensured Ruiz was aware of the appeal waiver during the change-of-plea hearing. Magistrate Armstrong asked Ruiz whether he had read the agreement and understood its terms. Ruiz testified he read the agreement and fully understood its terms.

Thereafter, the prosecutor discussed the appeal waiver, identifying those rights Ruiz relinquished and those he retained. Asked if the prosecutor "accurately summarize[d] the terms of the plea agreement" (*id.* at 47), Ruiz answered the prosecutor had.

These exchanges show the Magistrate Judge complied with Rule 11(b)(1)(N) at the change-of-plea hearing. Nevertheless, Ruiz argues the information he received at that hearing is irrelevant

---

justice . . . or an omission inconsistent with the rudimentary demands of fair procedure").

7

because, after he agreed to an amended plea agreement, I did not accurately describe that agreement's appeal waiver.

In so arguing, Ruiz ignores the detailed discussion of the waiver that occurred at that hearing.

His lawyer told me Ruiz had reviewed "the specific waiver of appellate and post-conviction rights" and understood "the nature of both what he is accepting as well as giving up." (Doc. 500 at 3). The prosecutor then quoted the appeal waiver and accurately described its terms. Defense counsel then agreed the prosecutor had correctly summarized all terms of the amended plea agreement.

Finally, counsel represented: 1) he had reviewed the amended agreement with Ruiz twice that morning; 2) Ruiz had independently reviewed the agreement; and 3) Ruiz understood "all the terms expressed by" the prosecutor. (*Id.* at 10). Ruiz did not object or contradict counsel in anyway.

These exchanges, taken together with those at the change-of-plea hearing, were sufficient to comply with the court's obligation under Rule 11(b)(1)(N) to ensure Ruiz knew of, understood, and agreed to the appeal waiver.

That I told Ruiz, after these detailed exchanges, that "[o]nly if I were to give you a sentence that exceeded the potential sentence in any way could you appeal" (Doc. 500 at 15), does not change the result.

First, read in context, the statement functioned as a recapitulation of all that preceded it, rather than my sole effort to comply with Rule 11.

Second, to the extent my statement could have caused confusion – a highly unlikely scenario, given the extensive discussion of the waiver – that confusion could not have affected Ruiz's substantial rights.

8

In the cases on which Ruiz relies, the district court's or prosecutor's discussion of the appeal waiver omitted an important right the defendant had relinquished, thereby causing the defendant to believe the waiver was far narrower than the plea agreement spelled out. *U.S. v. Melvin*, 557 F. App'x 390, 392 (6th Cir. 2013) (court erroneously advised defendant that waiver did not prevent appeal or collateral attack based on change in law); *U.S. v. Cohen*, 515 F. App'x 405, 407 (6th Cir. 2013) (prosecutor erroneously advised defendant waiver barred right to appeal only from conviction, when waiver actually barred most challenges to sentence).

But here, my references to "potential sentence," and the omission of Ruiz's rights to file an appeal and collateral attack based on prosecutorial misconduct or ineffective assistance, would have led Ruiz to believe his waiver was far broader than the plea agreement called for (and thus he retained fewer rights).

Because Ruiz, in fact, retained those rights – something he repeatedly said he understood – – any imprecision in my remarks did not affect his substantial rights or create plain error.

For these reasons, I reject Ruiz's first claim.[2]

### B. Appellate Counsel's Ineffectiveness

Ruiz also claims appellate counsel was ineffective for failing to raise the foregoing Rule 11 claim on appeal.

---

[2] Because Ruiz is asking to set aside his conviction on the basis of a Rule 11 error, and is not merely challenging the propriety of his sentence, he must show a reasonable probability that, but for the Rule 11 violation, he would not have entered the plea. *U.S. v. Dominguez Benitez*, 542 U.S. 74, 83 (2004). However, Ruiz has not argued – let alone proved – he would not have pled guilty absent the alleged Rule 11 error.

However, as just discussed, there was no Rule 11 violation. Because Ruiz's appellate-counsel claim turns on the presence of a Rule 11 violation, Ruiz cannot prevail on his appellate-counsel claim. *Coley v. Bagley*, 706 F.3d 741, 752 (6th Cir. 2013).

## Conclusion

For the reasons set forth above, it is ORDERED THAT:

1.      Ruiz's amended motion to vacate sentence (Doc. 557) be, and the same hereby is, denied;

2.      No certificate of appealability will issue because an appeal from this decision would be without any plausible merit.

So ordered.

<u>/s/ James G. Carr</u>
Sr. U.S. District Judge