# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | |
|---|---|
| United States of America, | Case No. 3:08-cr-00304-JGC-1 |
| Plaintiff | |
| v. | **ORDER** |
| Edmundo Ruiz, Jr., | |
| Defendant. | |

Pending in this case is the defendant, Edmundo Ruiz, Jr.'s, motion for compassionate release from custody under 18 U.S.C. § 3582 and the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194. (Docs. 628, 631, 654).

Mr. Ruiz, now forty-two, has been a Bureau of Prisons ("BoP") inmate since 2008. He contends that his deteriorating physical condition and the risks associated with the COVID-19 pandemic justify the requested relief. The government opposes the motion (Doc. 636), and Mr. Ruiz has replied (Doc. 649).

For the following reasons, I deny Mr. Ruiz's motion.

## Background

On July 23, 2008 a grand jury charged Mr. Ruiz and about a dozen confederates in a fifteen-count indictment, alleging, *inter alia*, that Mr. Ruiz was responsible for leading a drug trafficking enterprise ("DTE") for at least a decade. (Doc.1). The DTE distributed massive quantities of cocaine, heroin, and marijuana throughout Ohio.

1

On April 9, 2009, Mr. Ruiz pled guilty to unlawfully using communication facilities to conspire to distribute large quantities of cocaine, heroin, and marijuana (counts 1 and 13 of the indictment). (Docs. 204, 205, 206, 207, 269). I imposed a 240-month sentence under 21 U.S.C. § 841(a)(1), § 843(b) and (d). (Doc. 487).

The BoP calculates Mr. Ruiz's release date as January 1, 2026. *See* FEDERAL BUREAU OF PRISONS, FIND AN INMATE, Edmundo Ruiz, https://www.bop.gov/inmateloc/ (*last visited* Dec. 16, 2020). Mr. Ruiz is currently held at FCI Forrest City Low in Forrest City, Arkansas. (*Id.*).

According to Mr. Ruiz, he suffers from asthma, high blood pressure, and extremity paresthesia. (Doc. 654, pgID 6932).

The government argues that Mr. Ruiz has not exhausted his administrative remedies and therefore his motion is inappropriate. The government also disputes that Mr. Ruiz's medical conditions warrant compassionate release. And the government argues that I should deny Mr. Ruiz's motion because there is no evidence that he has a higher risk of COVID-19 complications while in federal custody. Regardless of whether that is so (or relevant), the government also contends that the § 3553(a) sentencing factors militate against Mr. Ruiz's release. (Doc. 636).

**Legal Standard**

Section 3582(c)(1)(A)(i) states that a court:

> may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that--
>
> (i) extraordinary and compelling reasons warrant such a reduction;

Pursuant to the requirement of 28 U.S.C. § 994(t), the Sentencing Commission promulgated a policy statement setting out the criteria for sentence reduction in U.S.S.G. § 1B1.13 which require that:

(1)(A) extraordinary and compelling reasons warrant the reduction;

(2) the defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g); and

(3) the reduction is consistent with this policy statement.

Section 3553(a) lists the sentencing factors a court must consider as:

(1) the nature and circumstances of the offense and the history and characteristics of the defendant;

(2) the need for the sentence imposed--

(A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

(B) to afford adequate deterrence to criminal conduct;

(C) to protect the public from further crimes of the defendant.

## Discussion

### 1. Mr. Ruiz Has Exhausted His Administrative Remedies

On April 8, 2020, Mr. Ruiz filed a compassionate release request with the BoP. (Doc. 649, pgID 6343). To have exhausted fully his administrative remedies, Mr. Ruiz must have either 1) exhausted all administrative rights to appeal a failure of the BoP to bring a motion on the his behalf, or 2) had thirty days elapsed since the warden's receipt of such request. 18 U.S.C. § 3582(c)(1)(A). On May 7, 2020, the thirty-day waiting period lapsed. Mr. Ruiz filed his motion for compassionate release on June 2, 2020. (Doc. 628).

Mr. Ruiz has satisfied the administrative requirements. 18 U.S.C. § 3582(c)(1)(A).

## 2. Extraordinary and Compelling Circumstances

The parties dispute that Mr. Ruiz's medical conditions put him at greater risk of severe illness and, possibly, death were he to contract COVID-19. The current CDC guidance provides that people with asthma or high blood pressure may be at an increased risk for severe illness due to COVID-19. *See* CENTER FOR DISEASE CONTROL AND PREVENTION, *People with Certain Medical Conditions*, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html, (*last visited* Dec. 16, 2020).

The CDC considers Mr. Ruiz at possible risk of severely adverse effects from COVID-19. And, as of this date, FCI Forrest City Low has 60 active inmate COVID-19 cases, https://www.bop.gov/coronavirus (*last visited* Dec. 16, 2020). This is a concerningly large outbreak of cases for a federal correctional facility and indeed does pose significant risks for Mr. Ruiz.

But the analysis does not end there. Applying the relevant § 3553(a) factors, I agree with the government that, despite Mr. Ruiz's health problems and the prevalence of COVID-19 at FCI Forrest City Low, he has not shown "extraordinary and compelling reasons" under the § 3553(a) factors why I should grant him compassionate release.

## . A. Nature and Circumstances of the Offense

Mr. Ruiz's current 240-month sentence stems from him leading and organizing a DTE for at least a decade. (Doc. 1). For at least a decade Mr. Ruiz lead and organized others to traffic and distribute potentially lethal drugs. Mr. Ruiz was responsible for injecting massive quantities of cocaine and heroin into the Toledo, Ohio community. The seriousness of Mr.Ruiz's offense weighs heavily against granting the relief he requests.

## B. Defendant's History and Characteristics

Mr. Ruiz has a criminal history, but as he points out, he has no record of violent behavior. The government filed an Information in this case to establish Mr. Ruiz's prior criminal conduct. (Doc. 204). The Information establishes that Mr. Ruiz has a history of trafficking drugs in the State of Ohio.

Mr. Ruiz did not learn any lessons from his prior criminal conduct. Although he does not have a violent history, he does have a history of trafficking drugs. If anything, after his prior conviction he doubled down on his criminal behavior and went down a path that ultimately led him to lead a DTE for at least a decade.

On balance, this factor is neutral or weighs slightly against granting Mr. Ruiz's motion for compassionate release.

## C. Need for the Sentence to "Reflect the Seriousness of the Crime, to Promote Respect for the Law, and to Provide Just Punishment for the Offense"

A just punishment reflects the seriousness of criminal conduct and enhances respect for the law. A just punishment takes into account the consequences of a defendant's crimes, and their impact on the victims, others, and the community.

### (i). Seriousness of the Offense

A DTE's immediate victims are the addicts it creates and fosters. Every DTE creates a multitude of indirect victims, but the most and worst affected are the addict's children. Adults can turn away and move on. But a child, even when he or she becomes an adult, can never get free from what a parent's addiction does and has done.

Within the larger community, a DTE's indirect victims are those whom the addict victimizes for the wherewithal for the drug he or she irresistibly craves. An addict-infested community loses vitality as gun crime and violence permeates block by block, neighborhood by

neighborhood. Decay displaces vitality. That decay, that blight all too often are racially and ethnically discriminatory.

That is what Mr. Ruiz and his confederates did for at least a decade. The effects of his conduct still have lasting and detrimental effects within his own community. The fact that Mr. Ruiz was in the business of distributing some of the most dangerous drugs, cocaine and heroin, shows me that he has no regard for the well-being for those among whom he lived or of their community as a whole.

This factor strongly favors denying Mr. Ruiz's motion for compassionate release.

### D. Need "to Afford Adequate Deterrence to Criminal Conduct"

Mr. Ruiz, though not a violent individual, is nevertheless a repeat offender. His criminal history leaves me with very little doubt that if he were released, he would encounter many of the same dynamics, and scenarios that led to his past criminal conduct. At least for the time being, incarceration is the only way to deter him and reduce the risk of further criminal conduct. Mr. Ruiz has succumbed to the temptation of resuming, despite prior convictions, his criminal conduct. And he has done so more than once. I do not find enough of a reason to believe that he would not be tempted to do so again. So, at the very least, continued incarceration postpones, even if it does not moderate, any potential impulse to traffic and distribute drugs again.

This § 3553(a) factor favors denial of his motion.

### E. Present Danger to the Community

Mr. Ruiz's prior interactions with the criminal justice system did not deter him from engaging in further criminal conduct. Unfortunately, Mr. Ruiz's underlying conviction (i.e. organizing others to distribute drugs in the community for nearly a decade) shows me that he is a danger to the community.

## Conclusion

At bottom, Mr. Ruiz has a repeated history of trafficking drugs. That Mr. Ruiz has multiple convictions suggests that he also has a history of disregarding the law despite his multiple interactions with the criminal justice system.

Good for Mr. Ruiz for enrolling in various programs and educational courses while incarcerated. But these are what society properly expects, not extraordinary and compelling reasons to grant early release from prison.

Mr. Ruiz has not met his burden of proving that he merits compassionate release.

It is, accordingly, hereby

ORDERED THAT the defendant's motion for compassionate release (Docs. 628, 631, 654) be, and the same hereby is denied.

Any appeal from this order would have no plausible merit, as jurists of reason could not reasonably dispute either its result or its rationale.

So ordered.

/s/ James G. Carr
Sr. U.S. District Judge