IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT
OF OHIO WESTERN DIVISION

Crim. No. . 3:08-cr-00304-JGC-1

FILED
AUG - 9 2021
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF OHIO
TOLEDO

EDMUNDO RUIZ, JR.,

Defendant,

vs.

UNITED STATES OF AMERICA,

Plaintiff.

### MOTION FOR COMPASSIONATE RELEASE WITH MEMORANDUM OF FACT SCIENTIFIC FACT AND LAW IN SUPPORT.

Edmundo Ruiz, Jr., ("Mr. Ruiz") pro se moves this Honorable court for compassionate release as authorized by 18 U.S.C 3582(c)(1)(A). In support of this request states as follows:

#### SENTENCE INFORMATION

Date of sentencing: July 12, 2011

Term of imprisonment imposed: 240 months with 49 months concurrent

Approximate time served to date: 4 year

Projected release date: January 1, 2026

Length of Term of Supervised Release: 10 years .

#### EXHAUSTION OF ADMINISTRATIVE REMEDIES

18 U.S.C. § 3582(c)(1)(A) allows you to file this motion (1) after you have fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on your behalf,

1

or (2) 30 days after the warden of your facility received your request that the warden make a motion on your behalf, whichever is earlier.

Mr. Ruiz personally submitted a request for compassionate release to the Warden of the institution, in March of 2021. Mr. Ruiz request was denied by the warden on (date): April 8, 2021 but received the denial in July of 2021  See Attached exhibit page 1

## GROUNDS FOR MOTION

Mr. Ruiz, avers that a combination of factors represent "extraordinary and compelling reasons" for compassionate release in that:

(1). he has served over 75% of the 240 month sentence imposed in 2011 ( exhibit page );

(2). Change in Mr. Ruiz  family circumstances have recently and significantly changed and he need to take care of his aging parents;

(3). In light of the statutory changes to 21 U.S.C. 851 and;

(4) The fact that he is at heightened  risk of the new Delta variant of COVID-19 for which the vaccines may not be effective due to his obesity.

Each claim forms a  combination of factors that would make his claims extraordinary and compelling circumstances. See, **United States v. Maumau, 993 F.3d 821 (10th Cir. 2021),** (affirming the district court's grant of compassionate release based on the combination of factors, including the defendant's young age (20) at the time of his sentence, the "incredibl[y]" lengthy sentence, and the fact that he would not be subject to such a long sentence if the First Step Act applied. Id. at 837.

### Percentage of sentence served.

### Mr. Ruiz  family circumstances have recently and significantly changed.

Mr. Ruiza' father  has dementia and other medical issues and his mother  is medically disabled and has no one to take care of them but Mr Ruiz.

Although Mr. Ruiz has siblings they have abandoned their parents leaving Mr. Ruiz as the only person responsible to take care of them and their well being. Courts have granted. Compassionate release on this ground. See, **United States v. McCauley,** 2021 U.S. Dist. LEXIS 117362 (W.D. Mo. 6/23/2021)

### Change in mandatory minimum.

Mr. Ruiz did not receive his long sentence because of a judge's assessment of his culpability, or the harm caused. The Court at the original sentencing noted that Mr. Ruiz's statutory minimum and guideline range was determined to be 20 years because of the presence of a qualifying prior conviction under 21 U.S.C. § 851.

Without that enhancement, Mr. Ruiz would have faced a 180-month statutory minimum instead of the 240-month statutory minimum, which was the term he received when he was sentenced in 2011.

The record reflects congress reduced the statutory mandatory minimum from 20 to 15 years. If the defendant was sentenced today the 15 minimum would fit the guideline range for the offense conduct. Accordingly, a similarly situated individual today would be sentenced to a term of 180 months .

The Sixth Circuit found that this may be an extraordinary and compelling circumstance. See, **United States v. Owens, 2021 U.S. App. LEXIS 13656 Appeal No. 20-2139, ( 6th Cir. : May 6, 2021)**( Ian Owens appealed the district court's order denying his motion for compassionate release because it concluded that the disparity between his lengthy sentence and the sentence that he would receive following the passage of the First Step Act was not an extraordinary and compelling reason to support compassionate release. The court reversed the district court's order and REMAND for reconsideration of Owens's motion for compassionate release consistent with the opinion.).

## Medical issues and covid-19.

Mr. Ruiz is 43 years old and Defendant is obese with a BMI over 35 which places him at a higher risk for covid See,https://www.cdc.gov/obesity/data/obesity-and-covid-19.html; See **United States v. Evelyn Cecilia Bonzon Pappa,** Case No. 95-00084-Cr-LENARD 2021 U.S. Dist LEXIS 75976 (S.D. Fla. April 1, 2021); **United States v. Smith,** 2020 U.S.Dist. LEXIS 110120 at *5 (E.D. Mo 2020);

Mr. Ruiz has high cholesterol which places him at a higher risk for covid;( See Proposed Application for medical records);https://www.cdc.gov/heartdisease/about.htm: but see**United States v. Bell,** 2020 U.S. Dist. LEXIS 242054S Case No. 16-00003-01-CR-W-SRB, (W.D. MO., December 23, 2020); **Pappa,** supra, 2021 U.S. Dist LEXIS 75976;

Mr. Ruiz has stage 1 kidney disease. See,https://www.cdc.gov/kidneydisease/index.html; but see **United States v. Brandrow,** 2020 U.S.Dist. LEXIS 127031 at *8-10 (E.D.Mich. 2020);

Mr. Ruiz is a former smoker which places him at a higher risk for covid. ( See Proposed Application for medical records);https://www.cdc.gov/tobacco: also see **Pappa, supra, 2021 U.S. Dist LEXIS 75976.**

These conditions place him at imminent risk of serious complications or death if he were to contract the novel coronavirus (COVID-19).Mr. Ruiz' s based on the fact that he is a high risk prisoner for contracting COVID-19. ( Mr. Ruiz is still waiting on the updated copy of Medical Records)

Given the unprecedented circumstances facing our prisons and jails during this global pandemic, it is clear Mr. Ruiz's health would be better protected in virtually any other setting than at FCI SEAGOVILLE.

The Prisons Conditions of confinement (See Exhibit pages 2-9 , Declaration of a Contagious disease expert) create the ideal environment for transmitting contagious diseases like COVID-19 given the lack of sufficient hand washing areas, crowding, rationed access to clean laundry and soap, delays in medical evaluation and treatment, and insufficient infection control measures. Under these circumstances, a medical condition reasonably may be found to be serious and to substantially diminish the ability of the Mr. Ruiz to provide self-care within the environment of a facility, even if that condition would not have constituted an extraordinary and compelling reason absent the risk of COVID-19

### *BOP Staff Highlight Facilities' Failures to Comply with CDC Guidance and BOP's Action Plan.*

BOP staff from multiple facilities have cast doubt about the measures being implemented and the safety of staff and inmates. BOP staff have reported shortages of masks, including when transporting sick inmates; counterfeit N95 masks; shortages of gloves and other PPE; and reports of wardens telling staff to remove their masks while working Staff at FMC Carswell filed a whistleblower complaint in April alleging the BOP "knowingly misleads the American public" about the conditions within the prisons and is taking a "cavalier approach" to quarantine that is placing staff and inmates at risk by requiring staff to continue coming to work after exposure to an infected inmate and allowing inmates to continue congregating in groups. The national president of the union for BOP staff also filed an Imminent Danger Report with OSHA, (Exhibit pages. 10-15 , at 14 ) and employees at FCI Seagoville in Texas joined a class-action lawsuit.

### *COVID-19 Threatens Vulnerable Persons Like Mr. Ruiz.*

In some people, the virus can present as a mild illness causing fever, shortness of breath, and a cough. However, people like Ruiz are at a higher risk for developing "more serious complications"

5

from COVID-19, including damage to the heart, lungs, or kidneys. People with chronic lung disease, heart conditions, or those who are immunocompromised (including a history of smoking and immune deficiencies) are at a higher risk of developing serious and potentially fatal complications. People are encouraged to protect themselves by maintaining personal space, avoiding crowds, frequent hand washing, cleaning and disinfecting surfaces frequently, and staying home—protections that are impossible in a correctional facility.

Ruiz's high cholesterol/hypertension, obesity, being a former smoker and stage 2 Kidney place him at increased risk of experiencing devastating complications if he contracts COVID-19.

The new strand of COVID-19 Rapidly Rising Infection Rates in Prisons and Jails Paint a Dire Picture for Medically Vulnerable Inmates has caused two Prisons at FCI Texarkana and El-Reno to go back on lockdown.

The conditions of his confinement. See **United States v. Rodriguez**, 492 F. Supp. 3d 306, 311, 316-17(S.D.N.Y. 2020)(granting a reduction in sentence based, in part, on the fact that the COVID-19 pandemic made the defendant's "incarceration harsher and more punitive than would otherwise have been the case").

All in conjunction with the threat of the "Delta " variant of COVID-19 in prison qualifies as extraordinary and compelling.

## COVID19 VACCINATION DOES NOT PREVENT GRANTING A REDUCTION.

Mr. Ruiz in this case has received the 2 shot COVID-19 vaccination. Yet courts have found that vaccination does not present consideration.[1] **United States v. Wardlow** 2021 U.S.Dist. LEXIS

---

[1] As a result, some courts in this District have granted release to defendants who have medical conditions that put them at risk of serious illness from COVID-19, even if they have previously recovered from the virus. See **United States v. Staats, Crim. A. No. 17-461, 2020 WL 6888224,**

6

81161 at *8 (E.D.Mich 4/28/21)(No vaccine provides immunity to COVID-19 variants) **United States v Young,** 2021 U.S.Dist. LEXIS 94690 (D.Kan 5/8/21)( granting compassionate release to a vaccinated defendant), e.g., **United States v. Joseph Reyes,** Cr. No. 3:11-1, 2021 WL 2154714, at *3-4, (D. Conn. May 26, 2021); **United States v. Manglona,** Cr. No. 14-5393, 2021 WL 808386, at *1-2 (March 3, 2021); **United States v. Parish,** U. S. Dist. LEXIS 61684 (D.S.C 3/17/21); **But see Pappa, supra, 2021 U.S. Dist LEXIS 75976.**

### THE COVID-19 VACCINES ARE NOT EFFECTIVE AND MR. RUIZ REMAINS AT A HIGHER RISK DUE TO OBESITY.

Mr. Ruiz in this case submits that in light of his obesity, that the vaccination does not take him out of the higher risk category. The Centers for Disease Control ("CDC") warns that research shows the vaccine may not even be effective on people with obesity". See http://www.cdc.gov/obesity/data/obesity-and-COVID-19.html. ; Sarah Varney, America's Obesity Epidemic Threatens Effectiveness of Any COVID Vaccine, Kaiser Health News Aug 6, 2020), https://www.org/news/americas- obesity-epidemic-renders-effectiveness-of-any-COVID-vaccine. In support of this argument, Mr Ruiz asks the court as a pro se litigant to take judicial notice and adopt the finding in **Pappa, supra, 2021 U.S. Dist LEXIS 75976 n. 4** and the Declaration of Dr. William Weber in which he states, inter alia:

> Obesity likely decreases the effectiveness of covid-19 vaccine. Prior literature demonstrates decreased effectiveness of vaccines in people with obesity, owing to decreased antibody production. This decrease in antibody production can make vaccines less than effective for those with obesity. For instance, those with obesity who receive the flu vaccine are twice as likely to get the flu as those without obesity who receive the flu vaccine. Due to lack of data, the precise effects of obesity of the COVID-19 vaccine immune response is unknown. However preliminary data suggest that those with obesity produce fewer antibodies in response to the vaccine. Antibodies help the body identify and attack COVID-19 and a lower level of antibodies could mean a decreased ability of

---

at *5 (E.D. Pa. Nov. 24, 2020); **United States v. Babbitt, Crim. A. No. 18-384, 2020 WL 6153608, at *8 (E.D. Pa. Oct. 21, 2020)**

the body to respond to exposure to the virus. This means that'"..[defendant]..."likely has a lower protective effect from vaccines. "

**SEE: Pappa,** supra, **2021 U.S. Dist LEXIS 75976 n. 4,** Case No. 95-00084-cr-LENARD,(Docket Number 476-1, Paragraph 12 citing Scott D. Niedich et al, Increased Risk of influenza Among Vaccinated Adults who are obese, Int'l J. of obesity (Lond)(2017), https://www.nebi.nlm.nih.gov/pmc/articles/PMC5585026): Raul Pellini et al. Obesity May Hamper SARS-CoV2 Vaccine Immunogenicity, medRxiv (Feb. 26, 2021), https://www.medrxiv.org/content/10.1101/2021.02.24.2125166v1.full.pdf.)

The CDC says that fully vaccinated people who experience Covid symptoms — fever or chills, cough and shortness of breath — should isolate themselves, be evaluated for Covid-19 by a doctor or healthcare provider and get tested. Jul 22, 2021.See https://www.cnbc.com › 2021/07/22 What to do if you get Covid after being vaccinated?

The CDC says that fully vaccinated people who experience Covid symptoms — fever or chills, cough and shortness of breath — should isolate themselves, be evaluated for Covid-19 by a doctor or healthcare provider and get tested.Jul 22, 2021. See https://www.cnbc.com › 2021/07/22.

Ergo, the court should find that Mr. Ruiz is still at a higher right of death or severe illness in light of his obesity and other medical illnesses.

Courts have determined that the threat of COVID-19 in prisons is an extraordinary and compelling circumstance warranting compassionate release. Considerations See, **United States v. Bell,** 2020 U.S. Dist. LEXIS 242054S Case No. 16-00003-01-CR-W-SRB, (W.D. Missouri, December 23, 2020); **United States v. Hill,** 2020 U.S. Dist. LEXIS 88266 (W.D.Mo. May 7, 2021)

With the emergence of a new more deadly "Delta strand" of COVID19 which is soaring in Texas he continues to be at higher risk.

Because of that factor along with the COVID-19 pandemic, the Defendant's age and obesity, the Court should find that extraordinary and compelling reasons exist in this case.

The defendant 's case is extraordinary and compelling is that he has no procedure remedy to challenge the sentencing errors, a sentence that exceeds the maximum authorized by law due to the procedural restrictions placed on collateral review and procedural restrictions placed on challenges to the sentences. However, Because Congress chose to foreclose one avenue for relief does not mean it chose to foreclose all means of redressing draconian sentences imposed.

### 3553(a) does not preclude reduction

The Court may consider the amount of time left on a defendant's sentence in deciding a motion for compassionate release. See, **Pawlowski**, 967 F.3d at 331. This is so because the length of time the defendant has already served is highly relevant to whether a reduced sentence will still sufficiently reflect the seriousness of the offense, promote respect for the law, provide just punishment, afford adequate deterrence to criminal conduct, and avoid unwarranted sentence disparities. See id.; 18 U.S.C. § 3553(a)(2,6).

Under Pepper v. United States, 562 U.S. 476, 490-493 (2011), the Court should consider post-offense developments under § 3553(a). The Court must recognize that Mr. Ruiz's criminal history is not long. However, the prior conviction occurred when Mr. Ruiz was younger than 18. It is well known that the likelihood of recidivism diminishes with age. Notably, the Defendant does not have a history of violent offenses. The Defendant's disciplinary record while in prison is very good.

It is questionable whether any additional deterrence would be achieved if Mr. Ruiz remained in prison. Moreover, the same concerns would be present whether the Defendant is released immediately or in October 2022. Mr. Ruiz's ten-year supervised release term will provide a level of protection if Mr. Ruiz reoffends (Which he will not). The overriding factors are that Mr. Ruiz has

over served what would be the minimum sentence under the law today, along with Mr Ruiz's age and health issues during a pandemic.

Based on the totality of circumstances, the Court should find that extraordinary and compelling reasons exist and the applicable sentencing factors warrant granting compassionate release.

## CONCLUSION

Accordingly, the Court should reduce Mr. Ruiz's sentence to time served to be followed by a short term of home confinement. Such a sentence is "sufficient, but not greater than necessary" to comply with the statutory purposes of sentencing.

EXECUTED ON THIS 9 TH DAY OF 8 2021.

RESPECTFULLY SUBMITTED,

Edmundo S. Ruiz Jr.
Federal Correctional Institution
P.O. Box 9000
Seagoville, Texas 75159

### CERTIFICATE OF SERVICE

I hereby certify that a true copy of this motion was sent on this 9th day of 8 2021 prepaid postage first class mail and sent to: Ass. U.S. Attorney's Office, Northern District of Ohio Four Seagate, Third Floor Toledo, OH 4360

SIGNED

*Edmundo Ruiz Jr.*