UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Edmundo S. Ruiz, Jr.,                                    Case No. 3:08-cr-304

        Petitioner-Defendant,

v.                                                                       ORDER

United States of America,

        Respondent-Plaintiff.

Edmundo S. Ruiz, Jr. currently is serving a 10-year term of supervised release following his release for the Federal Bureau of Prisons, where he served a term of incarceration arising out of his July 14, 2011 conviction for conspiracy to possess with intent to distribute cocaine, heroin, and marijuana and unlawful use of a communications facility. (*See* Doc. No. 487). Ruiz filed a motion to vacate his sentence pursuant to 28 U.S.C. § 2255, arguing his sentence was improperly enhanced under 21 U.S.C. § 851 by a 1997 drug conviction. (Doc. No. 689). The government opposes Ruiz's motion, arguing he improperly filed it without first obtaining permission from the United States Court of Appeals for the Sixth Circuit to file a second or successive § 2255 and that the motion further lacks merit. (Doc. No. 693).

If a litigant files a second or successive habeas petition without first obtaining permission from the Court of Appeals, "the district court shall transfer the document to [the Sixth Circuit] pursuant to 28 U.S.C. § 1631." *In re Sims*, 111 F.3d 45, 47 (6th Cir. 1997); *see also* 28 U.S.C. §§ 2244(b)(3) and 2255(h). A § 2255 motion may be considered second or successive, and thus require the Sixth Circuit's approval in order to proceed, if the motion raises arguments that were raised or

could have been raised in the defendant's first § 2255 motion. *In re Nailor*, 487 F.3d 1018, 1023 (6th Cir. 2007).

Ruiz filed a *pro se* § 2255 motion on January 9, 2014. (Doc. No. 548). In that motion, Ruiz asserted two claims alleging ineffective assistance of trial counsel, arguing counsel failed to appropriately challenge a § 851(a) sentencing enhancement. (*Id.* at 4-6). He subsequently obtained counsel, who sought and received permission to file an amended § 2255 motion. (Doc. Nos. 556 and 557). Ruiz's amended § 2255 motion argued the court did not properly explain the appellate waiver in Ruiz's plea agreement and that appellate counsel provided ineffective assistance in failing to raise that argument on appeal. (Doc. No. 557). My colleague, Senior United States District Judge James G. Carr, denied Ruiz's motion and declined to issue a certificate of appealability. (Doc. No. 561). Ruiz filed a notice of appeal, but the Sixth Circuit declined to issue a certificate of appealability as well and dismissed Ruiz's appeal.

As I noted above, Ruiz now seeks to argue his 1997 drug conviction should not have been used to enhance his sentence pursuant to § 851. (Doc. No. 689). Ruiz could have raised that argument in his first § 2255 motion and, therefore, he must obtain the Sixth Circuit's permission before he may proceed with his second motion.

For these reasons, I order that Ruiz's second § 2255 motion, (Doc. No. 689), be transferred to the Sixth Circuit for approval.

So Ordered.

s/ Jeffrey J. Helmick
United States District Judge